NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCO GALINDO SANTIAGO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.  16-70997

Agency No. A205-318-377

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2022[**]

Before:   SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Francisco Galindo Santiago, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal and relief under the Convention Against Torture

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo claims of due process violations in immigration proceedings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny the petition for review.

In his opening brief, Galindo Santiago does not raise, and therefore waives, any challenge to the agency's determination that his past harm did not rise to the level of persecution. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). He also does not contest the BIA's conclusion that he waived any challenge to the IJ's determination that he failed to establish a well-founded fear of future persecution. *See id.* Galindo Santiago's asylum and withholding of removal claims thus fail.

In light of this disposition, we need not reach Galindo Santiago's remaining contentions regarding his asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of CAT relief because Galindo Santiago failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

2                                                                 16-70997

The BIA did not err in concluding the IJ did not violate Galindo Santiago's right to due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (prejudice required to prevail on a due process claim).

The temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**